UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-CR-0074(1) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL ANDREW SCHLEGEL, | |
| Defendant. | |

Tracy L. Perzel and John E. Kokkinen, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Daniel L. Gerdts and Daniel Brees, for defendant.

Based on all of the files, records, and proceedings herein, and for the reasons stated on the record at the January 7, 2014 hearing, IT IS HEREBY ORDERED THAT:

1. The government's motion in limine to admit evidence pursuant to Rule 404(b) of the Federal Rules of Evidence [ECF No. 64] is GRANTED IN PART AND DENIED IN PART.

    a. The motion is GRANTED insofar as the government seeks leave to offer evidence of the history of non-payment of taxes and non-filing of tax returns by defendant Michael Andrew Schlegel and Bradley Mark Collin. The government may also introduce evidence of prior audits of and assessments against defendant and Collin.

    b. The motion is DENIED WITHOUT PREJUDICE with respect to defendant's alleged use of tax-protester arguments during his interactions with the Internal Revenue Service ("IRS") and others. As a general

      matter, the government may introduce evidence of statements and conduct by defendant that reflect his understanding of his obligations under the Internal Revenue Code. Also as a general matter, the government may introduce evidence that defendant impeded the lawful functions of the IRS, as long as that evidence can be competently assessed by jurors who are not trained in law. The Court will, however, have to rule on each item of "tax-protestor" evidence as it is moved into evidence.

2. The government's motion in limine to preclude defense counsel from arguing during his opening statement that defendant relied on the advice of counsel [ECF No. 65] is DENIED.

3. Defendant's motion in limine [ECF No. 71] is GRANTED IN PART and DENIED IN PART.

    a. The motion is GRANTED with respect to attorney participation in voir dire. Counsel for both parties will be allowed to ask questions of potential jurors.

    b. The motion is GRANTED insofar as it seeks to bar the government or any of its witnesses from informing the jury that Horizon Establishment was a "Ponzi" or fraudulent scheme. In light of defendant's offer to stipulate that the monies provided to him or Collin by investors in Horizon Establishment were not loans, gifts, or inheritances, the motion is also GRANTED insofar as it seeks to bar the government or any of its

    witnesses from informing the jurors that many of those who invested in Horizon Establishment lost their money.

 c. The motion is DENIED WITHOUT PREJUDICE insofar as defendant seeks to preclude the government from offering any evidence of the communications or work product of Douglas Holm.  The Court will hold an evidentiary hearing on this issue prior to trial, and defendant may renew his motion at the conclusion of that hearing.

 d. The motion is GRANTED insofar as defendant seeks to bar the government from referring to defendant as a "tax protester" or in similar terms and insofar as defendant seeks to bar the government from referring to arguments made by defendant as "tax-protester arguments" or in similar terms.  The motion is DENIED with respect to the term "warehouse bank"; the government may use that term during the trial.

Dated:  January 7, 2014          s/Patrick J. Schiltz
                      Patrick J. Schiltz
                      United States District Judge